UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RUBIN WEEKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:94-CV-1704 CAS |
| | ) | |
| JASON LEWIS,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This closed matter is once again before the Court on petitioner's second motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from final judgment. In his motion, which was filed pro se, petitioner requests that the Court re-open his § 2254 habeas petition, which was denied in 1995. Twenty-one years later, petitioner argues that he is entitled to relief because this Court's judgment was void in that it was based on a violation of due process that "deprived petitioner of notice and the fair opportunity to be heard," and because the state court that entered judgment "acted in manner inconsistent with due process of law." Doc. 78 at 1. Petitioner moves for relief pursuant to Rule 60(b)(4) and (6) of the Federal Rules of Civil Procedure. Respondent opposes the motion and argues petitioner is not entitled to the relief he requests because petitioner's motion is nothing more than a successive habeas petition, which this Court is precluded from

---

[1]Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. Jason Lewis is the Warden of the Southeast Correctional Center, and as petitioner's custodian, he is the proper party respondent. See Rule 2(a) of the Rules Governing § 2254 Cases.

reviewing pursuant to 28 U.S.C. § 2244. For the following reasons, the Court will deny petitioner's request for relief from final judgment.[2]

### *I. Procedural Background*

The Court outlined in detail the procedural history of this case in a Memorandum and Order dated March 5, 2013. Doc. 6. For purposes of the motion presently before the Court, the following events are relevant:

On February 13, 1992, petitioner pleaded guilty in Missouri state court to kidnaping and rape. At his plea hearing, he admitted to committing the offenses and denied that anyone had threatened or forced him to plead guilty. He also testified that his medication did not affect his ability to plead guilty and, that while he was drowsy, he was clear-headed. Based on his plea, the state court entered a judgment of guilty against him and sentenced him to concurrent sentences of thirty years imprisonment and life imprisonment. Following his plea and sentencing, petitioner did not file a motion pursuant to Missouri Supreme Court Rule 24.035.

On September 9, 1994, petitioner filed a state habeas petition. The state court dismissed the petition on procedural grounds because petitioner had never filed a Rule 24.035 motion. On August 29, 1994, petitioner filed in United States District Court, Eastern District of Missouri, a federal

---

[2]Also pending before the Court are petitioner's motions for leave to proceed in forma pauperis and for appointment of counsel. Petitioner's motion for leave to proceed in forma pauperis is denied as moot. Petitioner was previously granted leave to proceed in forma pauperis in this case. See Doc. 2. As for petitioner's motion for appointment of counsel, the Court finds that the appointment of counsel is not warranted. There is no constitutional right to appointment of counsel in a habeas corpus proceeding. See McClesky v. Zant, 499 U.S. 467, 494 (1991); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Petitioner has previously litigated this case with the assistance of counsel, and at this point in the proceedings, the issues are neither factually nor legally complex such that the Court or petitioner would benefit from the appointment of counsel. Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990).

habeas petition, pursuant to 28 U.S.C. § 2254. This is the above-captioned cause of action. In his § 2254 petition, petitioner alleged four grounds for relief: (1) his arrest in Mississippi was unlawful in that he was refused the right to contact an attorney, and officers in Mississippi hit him in the head causing a concussion; (2) his guilty plea was coerced in that he was beaten by officers in Bollinger County, and these officers withheld his diabetes medication and injected him with mind-altering medication; (3) he was not properly arraigned; and (4) he was improperly sentenced as a repeat offender. Petitioner also claimed that he was innocent of the crimes for which he pleaded guilty.

On October 27, 1995, the Honorable Lawrence O. Davis denied petitioner's § 2254 petition, holding that petitioner's failure to file a Rule 24.035 motion defaulted his claims. Judge Davis found that petitioner had not shown cause and prejudice or actual innocence to lift the procedural bar. Judgement was entered against petitioner in this case on October 27, 1995.

Petitioner appealed the denial of his § 2254 habeas petition to the Eighth Circuit Court of Appeals. In an en banc decision, the Eighth Circuit affirmed the denial of petitioner's § 2254 habeas petition. Weeks v. Bowersox, 119 F.3d 1342 (8th Cir. 1997). The Court of Appeals held that petitioner had failed to present sufficient evidence of his actual innocence, and that mere allegations that evidence existed was not enough. Id. at 1346. The Eighth Circuit also held that petitioner was not entitled to a hearing to develop evidence of actual innocence. Id. Petitioner appealed that decision to the United States Supreme Court. Petitioner filed a petition for writ of certiorari, which was denied on January 26, 1997. Weeks v. Bowersox, 522 U.S. 1093 (1998).

On October 3, 2001, petitioner filed a post-conviction motion for forensic DNA testing in the Circuit Court of Cape Girardeau County, Missouri. The motion was denied, and petitioner

appealed. The Missouri Court of Appeals affirmed, holding petitioner was not entitled to DNA testing after pleading guilty.

On August 3, 2004, the Missouri Supreme Court reversed. The Missouri Supreme Court held that post-conviction DNA testing under Mo. Rev. Stat. § 547.035 was available to persons like petitioner who had pleaded guilty. Weeks v. Missouri, 140 S.W.3d 39, 45 (Mo. banc. 2004).

Pursuant to a court order, the victim's rape kit was submitted for testing. In a report dated November 22, 2004, the Paternity Testing Corporation concluded that sperm collected from the vaginal swab of the victim matched the DNA profile of petitioner. See Doc. 53, Ex. G.

On September 12, 2011, petitioner filed a motion with the Eighth Circuit Court of Appeals requesting that the Eighth Circuit recall the mandate in Weeks v. Bowersox, 119 F.3d 1342 (8th Cir. 1997). The Court of Appeals denied petitioner's motion.

On July 20, 2012, petitioner, who was represented by counsel at the time, filed a motion for relief from final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure in the above-captioned cause of action.[3] Petitioner argued that the judgment should be set aside because: (1) his guilty plea was not freely and voluntarily given because crucial and exculpatory evidence was withheld by the State in violation of Brady v. Maryland, 373 U.S. 83 (1963); (2) his plea was not knowingly, voluntarily and intelligently entered because he was improperly and over-medicated by jail staff; and (3) his plea was not knowingly, voluntarily and intelligently entered because he was suffering from severe head trauma on the date of the guilty plea.

---

[3]The Honorable Lawrence O. Davis retired in 2001, and upon the filing of petitioner's motion for relief from final judgment, the case was assigned to the undersigned.

On March 5, 2013, the undersigned denied petitioner's motion for relief from final judgment. The Court found that all three of plaintiff's reasons for relief from final judgment were in fact "claims" under Ward v. Norris, 577 F.3d 925, 932 (8th Cir. 2009) and, therefore, the motion should be treated as a second or successive habeas petition and dismissed under 28 U.S.C. § 2244(b), which limits petitioners from filing successive habeas petitioners in federal court. In the alternative, the Court ruled that petitioner's motion, which fell under Rule 60(b)(2), was time-barred under the one-year statute of limitations. Petitioner appealed to the Eighth Circuit Court of Appeals, which denied petitioner a certificate of appealability on September 3, 2013. Petitioner filed a petition for writ of certiorari with the United States Supreme Court, which was denied on March 31, 2014.

In the motion presently at bar, petitioner has once again returned to this Court seeking relief from final judgment pursuant to Rule 60(b). In his motion, petitioner argues that the Court must re-open his § 2254 habeas petition because the Court's denial of his petition without an evidentiary hearing was in violation of his constitutional due process rights. Petitioner also argues that the Court's judgment in this case was void because the state court's judgment was void in that it lacked authority and jurisdiction to enter a conviction and impose a life sentence upon petitioner for forcible rape. The Court has reviewed petitioner's motion and the documents he filed in support and finds he is not entitled to the relief he requests.

## *II. Discussion*

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a final judgment and request reopening a case, under a limited set of circumstances including fraud,

mistake, and newly discovered evidence.[4] A habeas petitioner may seek relief from final judgment under Rule 60(b) in certain circumstances. "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (citing 28 U.S.C. § 2254). Rule 60(b) applies to habeas proceedings to the extent it is not inconsistent with the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Ward v. Norris, 577 F.3d 925, 932 (8th Cir. 2009) (citing Gonzalez, 545 U.S. at 529).

The AEDPA limits petitioners from filing successive habeas petitioners in federal court. It imposes three requirements on successive habeas petitions:

---

[4]Rule 60(b) provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

   (1) mistake, inadvertence, surprise, or excusable neglect;

   (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

   (3) fraud . . . , misrepresentation, or misconduct of an adverse party;

   (4) the judgment is void;

   (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

   (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

Gonzalez, 545 U.S. at 529. Under Supreme Court precedent, a Rule 60(b) motion is a second or successive habeas corpus application which falls under the restrictive requirements of § 2244 if the motion contains a "claim." Id. When a Rule 60(b) motion presents a "claim," it must be treated as a second or successive habeas petition under the AEDPA. Id.

According to the Eighth Circuit, "a claim is defined as an 'asserted federal basis for relief from a state court's judgment of conviction' or as an attack on the 'federal court's previous resolution of the claim on the merits.'" Ward, 577 F.3d at 933 (citing Gonzalez, 545 U.S. at 530, 532). "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." Id. "Likewise, a motion does not attack a federal court's determination on the merits if it 'merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" Id. (quoting Gonzalez, 545 U.S. at 532 n.4).

Here, petitioner asserts that the Court should grant him relief from final judgment because the Court's judgment was void. He argues the Court's judgment was void because the underlying state court's judgment was void in that: (1) the state court was without jurisdiction to accept his guilty plea to the rape charge; (2) he was not a prior or persistent offender at the time of his guilty

plea; and (3) the state prosecutor violated Brady v. Maryland, 373 U.S. 83 (1963), in failing to disclose exculpatory evidence.[5] Based on Supreme Court precedent as interpreted by the Eighth Circuit, the Court finds all three of these asserted grounds for relief from final judgment are "claims." Ward, 577 F.3d at 933. Each of these grounds either asserts a basis for relief from the judgment of conviction, which does not rely on a new and retroactive rule of constitutional law, or attacks this Court's previous resolution of the claim. See Gonzalez, 545 U.S. at 532. As a result, with respect to these three grounds, petitioner's motion must be treated as a second or successive petition under the AEDPA and dismissed for lack of jurisdiction. See Ward, 577 F.3d at 933; 28 U.S.C. § 2244(b)(4).

Petitioner also argues that he is entitled to relief from final judgment because he did not have an evidentiary hearing in this case. He argues that this violated his constitutional right to due process and, therefore, the Court's judgment in this case was void. A Rule 60(b) motion is not treated as second or successive under AEDPA, "if it does not raise a merits challenge to the resolution of a claim in a prior habeas proceeding, but instead attacks 'some defect in the integrity of the federal habeas proceedings.'" United States v. Lee, 792 F.3d 1021, 1023 (8th Cir.), as corrected (Dec. 14, 2015), reh'g denied, 811 F.3d 272 (8th Cir. 2015) (quoting Gonzalez, 545 U.S. at 53).

The Eighth Circuit has not expressly addressed whether a motion for relief under Rule 60(b) made on the basis that the district court did not hold an evidentiary hearing in the habeas

---

[5]It is not entirely clear, but petitioner also may be attempting to argue that he did not receive effective assistance of trial counsel or a fair trial, "which consists of [the] right to speedy and public trial by an impartial jury." Doc. 78 at 2. Petitioner, however, pleaded guilty in state court. In any event, these would be "claims" and subject to dismissal. Ward, 577 F.3d at 933.

proceedings falls under the restrictive requirements of § 2244. There appears to be a split in authority on the issue. Some courts have ruled that a Rule 60(b) motion challenging the denial of an evidentiary hearing is not a "claim" within the meaning of Gonzalez, but rather it is an attack on the integrity of the federal habeas proceeding. See, e.g., Mitchell v. Rees, 261 F. App'x 825, 829 (6th Cir. 2008) ("because [petitioner]'s Rule 60(b) motion challenges only the judgment on the evidentiary hearing, it does not make a claim but rather asserts an error in the federal habeas proceeding. Therefore, [petitioner]'s Rule 60(b) motion is not subject to the provisions of 28 U.S.C. § 2244(b)."). Other courts, including this Court, have concluded that a Rule 60(b) motion based on the district court's failure to conduct an evidentiary hearing prior to denying a habeas petition is not a proper Rule 60(b) motion and constitutes a second or successive petition. See, e.g., United States v. Washington, 653 F.3d 1057, 1064-65 (9th Cir. 2011) (petitioner's argument that he was entitled to Rule 60(b) relief because the district court declined to conduct an evidentiary hearing "does not constitute an allegation of a defect in the integrity of the proceedings; rather, such arguments are merely asking 'for a second chance to have the merits determined favorably.'") (quoting Gonzalez, 545 U.S. at 532 n.5.)); In re Lindsey, 582 F.3d 1173, 1175-76 (10th Cir. 2009); Blackwell v. United States, No. 4:99-CV-1687 CAS, 2009 WL 3334895, at *4 (E.D. Mo. Oct. 14, 2009) (concluding that petitioner's challenge to the court's failure to hold an evidentiary hearing on an ineffective assistance of counsel claim was a second or successive petition because the court's decision not to hold a hearing was "inextricably" intertwined with the merits determination). In this case, however, the Court need not make such a determination to dispose of petitioner's motion.

First, the Eighth Circuit already determined that petitioner was not entitled to an evidentiary hearing in this case. Weeks v. Bowersox, 119 F.3d 1342, 1346 (8th Cir. 1997). "Habeas petitions

are typically decided on the factual record developed in the state trial court and, therefore, only in the minority of cases are evidentiary hearings held." Id. at 1354. Affirming this Court's denial of the habeas petition without an evidentiary hearing, the Eighth Circuit Court wrote:

> [w]e reject Weeks's argument that he is entitled to an evidentiary hearing in order to allow him to make the showing that entitles him to the evidentiary hearing contemplated by Schlup [v. Delo, 513 U.S. 298 (1995)]. We can find no statutory or judicial authority for Weeks's proposed prehearing hearing. Because such an entitlement has support neither in the law nor in common sense, we decline to fashion such an entitlement out of thin air. Rather, we choose to follow the holdings of this Court in Bannister v. Delo, 100 F.3d 610 (8th Cir.1996), and Battle v. Delo, 64 F.3d 347 (8th Cir.1995), cert. denied, 517 U.S. 1235, 116 S. Ct. 1881, 135 L.Ed.2d 176 (1996).

Id. at 1353. Petitioner, therefore, cannot base his Rule 60(b) motion on the fact that he was denied an evidentiary hearing, because the Eighth Circuit has already affirmed that it was not error to deny petitioner's request for an evidentiary hearing.

Second, petitioner's motion is untimely. Petitioner brings his motion pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6). Under Rule 60(c), motions brought pursuant to these two subsections must be made "within a reasonable time." Fed. R. Civ. P. 60(c). The particular facts of the case determine what amounts to "a reasonable time." See United States v. Five Thousand Dollars in U.S. Currency, 184 F.3d 958, 960 (8th Cir. 1999). Courts considering Rule 60(b)(4) and (6) motions generally find that a delay of more than a few years is unreasonable. See, e.g., Middleton v. McDonald, 388 F.3d 614, 617 (8th Cir. 2004) (three years before filing motion to set aside dismissal of suit under 42 U.S.C. § 1983 was unreasonable); Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (motion filed twenty-six months after denial of petition under 28 U.S.C. § 2254 was untimely); Hopkins-Bey v. United States, No. 4:97-CV-958 ERW, 2011 WL 332724, at *1 (E.D. Mo. Jan. 31, 2011) (motion filed nine years after denial of petition under 28 U.S.C. § 2254 was

untimely). The Court finds petitioner's motion, which was filed twenty-one years after the entry of judgment, was not made "within a reasonable time." Fed. R. Civ. P. 60(c). This is especially true because the basis for the motion – the fact that petitioner was denied an evidentiary hearing – would have been readily apparent at the time judgment was entered.

### *III. Conclusion*

This Court finds petitioner's motion pursuant to Rule 60(b) must be dismissed for lack of jurisdiction because he raises claims that amount to a second or successive habeas petition, and petitioner has not obtained permission from the 8th Circuit Court of Appeals to maintain the instant motion, as required by 28 U.S.C. § 2244(b). See Ward, 577 F.3d at 933. In the alternative, the Court finds petitioner's motion for relief pursuant to Rule 60(b) is time-barred.

Finally, the Court will not issue a certificate of appealability. There is no substantial showing of the denial of a constitutional right, such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that the issues presented were adequate to deserve encouragement to proceed further, Miller-El v. Cockrell, 537 U.S. 322, 336 (2003), or a showing that reasonable jurists would find it debatable whether the Court's procedural rulings are correct. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Rubin Weeks's motion for leave to proceed in forma pauperis is **DENIED as moot**. [Doc. 79]

**IT IS FURTHER ORDERED** that petitioner Rubin Weeks's motion for appointment of counsel is **DENIED**. [Doc. 80]

**IT IS FURTHER ORDERED** that petitioner Rubin Weeks's motion for relief from final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is **DISMISSED** for lack of jurisdiction. [Doc. 78]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

                                                                         */s/ Charles A. Shaw*
                                                                       **CHARLES A. SHAW**
                                                                       **UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of March, 2017.